UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOMER E. HOSKINS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:15-cv-00262-TWP-TAB |
| IPD, | ) |
| Defendant. | ) |

**Entry Denying Motion to Proceed *In Forma Pauperis,* Discussing Complaint, and Directing Further Proceedings**

**I. Motion to proceed *in forma pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied without prejudice** because although it is difficult to read, it appears that the plaintiff has sufficient resources to pay the filing fee for this action. The plaintiff shall have **through March 6, 2015,** in which to either a) **renew and supplement** his motion to proceed *in forma pauperis* by clarifying his financial circumstances, or b) **pay** the $400.00 filing fee to the clerk of the court.

The plaintiff's motion [dkt. 3] is **denied** because that motion seeks no relief from this Court.

**II. Screening**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, the plaintiff sues "IPD," presumably the Indianapolis Metropolitan Police Department, for failing to arrest someone that the plaintiff alleges stole his property. But in Indiana,

municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Further, the Seventh Circuit does not recognize a claim for "inadequate police investigatory work" in the absence of some other recognized constitutional violation. *Lyons v. Adams*, 257 F. Supp. 2d 1125, 1135 (N.D. Ill. 2003) (citing *Jacobson v. National R.R. Passenger Corp.,* No. 97 C 6012, 1999 WL 1101299, at *10 (N.D.Ill. Nov.29, 1999); *Washington v. Godinez,* No. 95 C 7612, 1996 WL 599055, at *3 (N.D.Ill. Oct.17, 1996) ("[T]here is no constitutional right to an investigation by a police officer unless another recognized constitutional right is involved.")).

Without a viable defendant and facts that support a legal claim, the complaint fails to state a claim upon which relief can be granted. As presented, the complaint must be **dismissed.**

The plaintiff shall have **through March 6, 2015,** in which to **show cause** why this action should not be dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 2/23/2015

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

HOMER E. HOSKINS
1115 S. Illinois Street
Indianapolis, IN 46225